UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTWAN D. ROBINSON,

      Petitioner,

  v.                                     Case No. 07-C-0355

WILLIAM POLLARD, Warden,
Green Bay Correctional Institution,

      Respondent.

## ORDER ON RULE 4 REVIEW AND ORDER SETTING BRIEFING SCHEDULE

On April 18, 2007, the petitioner, Antwan D. Robinson ("Robinson"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Along with his petition, Robinson filed a memorandum of facts and law in support of such petition. According to his petition and the attachments thereto, Robinson was charged with six counts of armed robbery with the threat of force, party to the crime, counts one, two, three, four, five, six and seven, and two counts of false imprisonment with use of a dangerous weapon, party to the crime, counts six and eight. On June 20, 2002, Robinson plead no contest in the Milwaukee Count Circuit Court to three counts of armed robbery with the threat of force, party to the crime, contrary to Wis. Stats, §§ 943.32(1)(b) and (2) and 939.05 (counts one, two and seven), and one count of false imprisonment with use of a dangerous weapon, party to the crime, contrary to Wis. Stat. §§ 940.30, 939.05 and 939.63 (count six). On August 1, 2002, Robinson was sentenced to eleven years of initial confinement and four years of extended supervision on count one; six years of initial confinement and two years of

Dockets.Justia.com

extended supervision on count two; four years of initial confinement and three years of extended supervision on count six; and ten years of initial confinement and five years of extended supervision on count seven. The sentences were to run consecutive to one another, for a total of thirty-one years of initial confinement and fourteen years of extended supervision.

According to the Wisconsin Circuit Court Access website, on August 13, 2002, Robinson filed a notice of intent to pursue post-conviction relief. Thereafter, on November 25, 2003, Robinson filed a motion to withdraw his no contest plea. That motion was denied by the circuit court on January 20, 2005. On January 31, 2006, the Wisconsin Court of Appeals affirmed the circuit court's decision. On April 10, 2006, the Wisconsin Supreme Court denied Robinson's petition for review.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, states that:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

I cannot say from Robinson's petition that he is not entitled to relief in the district court. Therefore, the respondent will be ordered to file an answer to the petition and the briefing schedule which is set forth below will thereafter govern the processing of Robinson's petition.

**NOW THEREFORE IT IS ORDERED** that on or before May 21, 2007, the respondent shall file an answer to the petition;

**IT IS FURTHER ORDERED** that on or before June 22, 2007, the respondent shall file a brief in response to the petitioner's brief;

**IT IS FURTHER ORDERED** that on or before July 23, 2007, the petitioner shall file his reply brief;

**SO ORDERED** this 20th day of April 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge